MEMORANDUM OF DECISION
On July 15, 1998, the Department of Children and Families, hereafter "DCF", filed a petition for the termination of the parental rights of Marci S. and Edward K. to their child, Rosalie K., now four and one half years old. Rosalie was adjudicated a neglected child on May 19, 1997. She had been removed from her mother's care when she was three months old, due to her mother's drug use and her abandonment of Rosalie with another resident at an emergency shelter where she had been staying with the child. Rosalie has been in foster care since that time on November 9, 1994. The biological father was never a part of the child's life and is not a resource for her.
Prior to commencement of trial, Marci S. consented to the termination of her parental rights to Rosalie. The court accepted her consent and determined that it had been knowingly and voluntarily made, with the advice and assistance of competent counsel and a full understanding of the legal consequences of her consent. Thereafter, the petition was amended to reflect her consent to the termination of her rights to the child.
From the evidence, the court makes the following findings as to the biological father.
Edward K. is thirty-five years old and has had employment as a machinist. He, like the child's mother, has had a history of drug and alcohol abuse and involvement with the criminal justice system. He has not participated in any proceedings regarding this child nor has he had any contact with DCF, the child, the foster parents or the mother since November 15, 1996, when he last visited with Rosalie. He also has not provided any financial or emotional support for his daughter. At the time of the filing of the termination petition, his whereabouts were unknown and notice was provided by publication.
The court finds, by clear and convincing evidence, that the grounds pursued at trial against Edward K. have been proven. The first such ground alleged that the child was previously CT Page 329 adjudicated neglected and that he has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, he could assume a responsible position in her life. Connecticut General Statutes § 17a-112(c)(3)(B). "`Personal rehabilitation' as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent." In re Migdalia M. 6 Conn. App. 194, 203, 504 A.2d 532
(1986). See also: In re Juvenile Appeal, 1 Conn. App. 463, 477,473 A.2d 795 (1984). Edward K. has done nothing since 1996 to rehabilitate himself. In removing himself from the child's life, he has made it clear that rehabilitation within the foreseeable future is unlikely, at best.
The termination petition alleged that the child has been denied, by reason of an act of parental commission or omission, the care, guidance or control necessary for his physical, educational, or emotional well-being. Connecticut General Statutes § 17a-112(c)(3)(C). By removing himself from his daughter's life, Edward K. deprived her of a parent. The court concludes from the clear and convincing evidence that this act inflicted serious emotional injury to Rosalie. In re Kelly S.,29 Conn. App. 600, 614, 616 A.2d 1161 (1992), In re Sean H.,24 Conn. App. 135, 144-145, 586 A.2d 1171, cert. denied,218 Conn. 904, 588 A.2d 1078 (1991).
Also alleged against him is that he has no on-going relationship with Rosalie. "The question is whether they [the facts] substantiate a finding by clear and convincing evidence that no relationship ever existed between the parent and child, or that the relationship has terminated, without any future hope for its establishment or reestablishment." In re Migdalia M.,6 Conn. App. 194, 211, 504 A.2d 532 (1986); In re Juvenile Appeal(84-3), 1 Conn. App. 463, 473 A.2d 795 (1984); In re JuvenileAppeal (Anonymous), 177 Conn. 648, 670-671, 420 A.2d 875 (1979). Edward's complete and total absence from Rosalie's life for over two years proves by clear and convincing evidence that there is no on-going relationship and the court so finds. The evidence also proves that all of the grounds have existed for more than one year prior to the filing of the termination petition, a finding which is no longer required pursuant to the statutory changes effective July 1, 1998, just prior to the filing of the petition.
While the petition does not have the box for abandonment CT Page 330 checked on the form petition, the summary of facts attached in support of the termination petition reviews the facts on which the allegation of abandonment against the father is based. The court will amend the petition to conform to the summary of facts and the proof, which was clear and convincing on this point. Abandonment focuses on the parent's conduct. In re Michael M.,29 Conn. App. 112, 614 A.2d 832 (1992); In re Rayna M.,13 Conn. App. 23, 36, 534 A.2d 897 (1987); In re Kezia M.,33 Conn. App. 12, 632 A.2d 1122 (1993). "Abandonment occurs where a parent fails to visit a child, does not display love or affection for the child, does not personally interact with the child, and demonstrates no concern for the child's welfare." In re JuvenileAppeal (Docket No. 9489), 183 Conn. 11, 14, 438 A.2d 801 (1981). Edward has not pursued visitation with the child, has not displayed love, affection or concern for her and has abandoned her completely.
The court makes the following factual findings required by Connecticut General Statutes § 17a-112(e) as to Edward K. only as none are required for Marci S., the consenting parent:
1) Nature and extent of services offered;
No services were offered to Edward K. since 1996 since he could not be located. Prior to that time, reasonable attempts were made including visitation.
2) The court, on May 6, 1998, found that further reunification between the parents and the child were no longer appropriate. Pursuant to the statute, if such a finding has been made, a reasonable efforts finding is no longer required of the court, even though such efforts were made in this matter prior to the court's finding.[2]
3) DCF, with the approval of the Court, set reasonable and realistic expectations in order to reunify the family. Edward never complied with any such expectations.
4) The feelings and emotional ties of the child with respect to the parent, any guardian of the person and any person who has exercised physical care, custody and control of the child for at least one year and with whom the child has developed significant emotional ties. Rosalie is closely bonded to her foster parents, with whom she has resided for some time. She does not know her father. CT Page 331
5) Finding regarding the age of the child. Rosalie is four and one half years old.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions to make it in the best interests of the child to return her to their home in the foreseeable future and (a) the extent to which the parents have maintained contact with the child as part of an effort to reunite the child with the parents, provided that the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communications with the guardian or other custodian of the child. Edward has done nothing to adjust his circumstances so that the child could be placed in his care.
7) Finding regarding the extent to which a parent has been prevented from maintaining a reasonable relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent. No such conduct is noted.
Having found the grounds for termination, the court must now consider what is presently in this child's best interests. Rosalie has prospered and grown in her foster home placement and her foster parents wish to adopt her, if she is freed for adoption. Rosalie does not know her father. Her relationship to her mother is that of a child to a non-caretaking relative, rather than as to a parent. Rosalie has been in foster care for most of her short life. Her mother has consented to the termination of her parental rights to her. The court concludes, from the evidence, that Rosalie's needs for stability and permanency are best met by termination of her parents' rights to her. The court finds termination to be in her best interests so that she may continue the progress and growth already attained with the family with whom she has been placed. The court orders that the rights of Marci S. and Edward K. to Rosalie K. be terminated.
Based on the court's findings, it is further ordered that the Commissioner of the Department of Children and Families be appointed the statutory parent for Rosalie for the purpose of securing a permanent placement for her. If her present foster parents remain willing to adopt her, it is the court's direction that they receive first consideration. In addition, the CT Page 332 Commissioner shall file with this court no later than ninety days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by state and federal law.
Barbara M. Quinn, Judge Child Protection Session
[2] Connecticut General Statutes § 17a-112(c).